UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M‍ICHAEL E‍UGENE W‍ILLIAMS,

    Plaintiff,

v.

K‍ARI S‍IDERITS,

    Defendant.
_____/

Hon. Jane M. Beckering

Case No. 1:23-cv-258

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 5). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action, pro se, on March 13, 2023, against Kari Siderits. (ECF No. 1). In his complaint, Plaintiff alleges the following.

On December 29, 2022, Plaintiff executed a lease for an automobile from Car City. The transaction was financed through Orbit Leasing. On December 31, 2022, Plaintiff "exercised [his] right to rescind the transaction and to prevent identity theft, to opt-out of having this transaction and experience reported to or shared with any nonaffiliated third party of Orbit Leasing." Orbit Leasing, however, did not receive this communication from Plaintiff until January 5, 2023. Two days before Orbit Leasing

-1-

received Plaintiff's opt-out notification, Equifax and TransUnion notified Plaintiff that "this transaction and experience had in-fact been reported to several non-affiliated third party's (sic) of Orbit Leasing."

On February 11, 2023, Plaintiff "emailed Orbit Leasing Inc a notice of default and opportunity to cure for failure or refusal to respond to my notarized notice by written communication or to take any other legal action as required by law regarding my recission of the transaction."  On February 13, 2023, "the automobile was remotely disabled and abandoned by Orbit Leasing Inc in [Plaintiff's] driveway."  On March 9, 2023, "the automobile was taken from [Plaintiff's] driveway without [his] consent by an agent of Orbit Leasing Inc causing injury and damages to [Plaintiff] and [his] family."

Plaintiff alleges that Defendant violated his rights under various provisions of federal and state law.  Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted.  Plaintiff has failed to respond to Defendant's motion.  The Court finds that oral argument is unnecessary.  *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

> complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

### I.     Failure to Allege any Wrongful Conduct by Defendant

Plaintiff has filed this action against Kari Siderits. But, in his complaint, Plaintiff asserts no factual allegations against Siderits. In fact, other than identifying Siderits as a defendant, Plaintiff's complaint contains absolutely no mention of her.

To survive a motion to dismiss, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He must likewise articulate facts sufficient to allege a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1949. Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). The undersigned recommends, therefore, that Defendant's motion to dismiss be granted. Moreover, even if the Court assumes that Plaintiff's complaint is interpreted as sufficiently alleging wrongful conduct by Defendant, the result is the same.

## II. Truth in Lending Act

Plaintiff alleges that Defendant violated his rights under the Truth in Lending Act, which, according to Plaintiff, affords him the right to rescind the automobile transaction in question. The Truth in Lending Act, however, applies only to "residential mortgages" and has no applicability to automobile transactions. *See, e.g., Blue v. Capital One Auto Finance*, 2022 WL 1092121 at *1-2 (N.D. Ohio, Apr. 12, 2022). Thus, Plaintiff has failed to state a claim for violation of the TILA.

## III. Fair Debt Collection Practices Act

The Fair Debt Collections Practices Act imposes restrictions and limitations upon "debt collectors." This legislation, however, draws a clear distinction between "creditors" and "debt collectors." A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (emphasis added). On the other hand, a creditor is defined "as any person who offers or extends credit creating a debt or to whom a debt is owed." *Ibid.* Importantly, the Fair Debt Collections Practices Act applies to "debt collectors," but not "creditors." *Ibid.*

Plaintiff does not allege that Orbit Leasing was attempting to enforce a debt Plaintiff owed to another, but rather, that they were attempting to enforce a debt Plaintiff allegedly owed to Orbit Leasing. Thus, neither Defendant nor Orbit Leasing

were acting as "debt collectors" but were instead acting as "creditors." Thus, Plaintiff fails to state a claim for violation of the Fair Debt Collection Practices Act.

### IV.   Gramm-Leach-Bliley Act

Plaintiff alleges that Defendant violated the Gramm-Leach-Bliley Act. This legislation, however, does not authorize private causes of action. *See, e.g., Selmon-Austin v. Wells Fargo Bank*, 2022 WL 18141470 at *2 (W.D. Tenn., Sept. 7, 2022). Plaintiff fails, therefore, to state a claim for violation of the Gramm-Leach-Bliley Act.

### V.   Fair Credit Reporting Act

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act. To prevail on this claim, Plaintiff must establish that Defendant used or obtained a "consumer report" without a permissible statutory purpose. *See, e.g.,* 751 F.3d 724, 728 (6th Cir. 2014). Even in the Court assumes that Defendant used or obtained a "consumer report," Plaintiff has failed to allege that Defendant did so for an impermissible purpose. To the contrary, Defendant obtained credit information regarding Plaintiff for purposes of determining his eligibility to participate in the credit transaction necessary to purchase the automobile in question. This is a legitimate use of a consumer report. *Id.* at 731. Accordingly, Plaintiff fails to state a claim for violation of the Fair Credit Reporting Act.

## VI. State Law Claims

Plaintiff further alleges that Defendant violated his rights under numerous provisions of Michigan law. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). As discussed above, the undersigned recommends that Plaintiff's federal law claims be dismissed for failure to state a claim on which relief may be granted. Accordingly, the undersigned likewise recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead that such be dismissed without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 6) be granted. Specifically, the undersigned recommends that Plaintiff's federal law claims be dismissed for failure to state a claim on which relief may be granted. The undersigned further recommends that Plaintiff's state law claims be dismissed without prejudice and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                             Respectfully submitted,

Date: May 23, 2023                                      /s/ Phillip J. Green
                                                            PHILLIP J. GREEN
                                                            United States Magistrate Judge